IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
LYNN M. WHITNEY,                    )   Civil No. 06-200-JE
                                    )
            Plaintiff,              )   FINDINGS AND
                                    )   RECOMMENDATION
        v.                          )
                                    )
COMMISSIONER SOCIAL SECURITY        )
ADMINISTRATION,                     )
                                    )
            Defendant.              )
_____)
```

Lynn M. Whitney
130 S.W. Canyon Drive, #3
Redmond, OR 97756
    Plaintiff Pro Se

Michael McGaughran
Social Security Administration
Office of General Counsel
701 Fifth Avenue, Suite 2900 MS901
Seattle, WA 98104

Neil J. Evans
United States Attorney's Office
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204
    Attorneys for Defendant

FINDINGS AND RECOMMENDATION - 1

JELDERKS, Magistrate Judge:

Pro se plaintiff Lynn Whitney brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying her applications for disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to 42 U.S.C. §§ 416 and 423. The Commissioner's decision should be affirmed.

## PROCEDURAL BACKGROUND

Plaintiff filed applications for DIB and SSI on August 21, 2001, alleging that she had been disabled since June 10, 2000, because of bilateral upper extremity pain, back and neck pain, and wrist pain. The applications were denied initially on March 4, 2002, and upon reconsideration on May 1, 2002.

Pursuant to plaintiff's timely request for a hearing before an Administrative Law Judge (ALJ), a hearing was held before ALJ Jean Kingrey on June 18, 2004. Plaintiff, who was unrepresented, testified at the hearing. Eileen Lincicome, a Vocational Expert (VE) also testified.

In a decision dated September 17, 2004, ALJ Kingrey found that plaintiff was not disabled within the meaning of the Social Security Act (the Act) because she could perform jobs that existed in substantial numbers in the national economy.

FINDINGS AND RECOMMENDATION - 2

That decision became the final decision of the Commissioner on December 8, 2005, when the Appeals Council denied plaintiff's request for reconsideration. Plaintiff challenges that decision in the present action.

## FACTUAL BACKGROUND

Plaintiff was born on June 23, 1952, and was 51 years old at the time of the hearing before the ALJ. She earned a General Equivalency Diploma (GED), has trained for two years at a beauty college, and has past work experience as a hair salon stylist and manager and a mail carrier. Plaintiff has not worked since June, 2000.

## DISABILITY ANALYSIS

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. Below is a summary of the five steps, which also are described in Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Step One. The Commissioner determines whether the claimant is engaged in substantial gainful activity (SGA). A claimant engaged in such activity is not disabled. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 404.1520(b).

FINDINGS AND RECOMMENDATION - 3

Step Two. The Commissioner determines whether the claimant has one or more severe impairments. A claimant who does not have such an impairment is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to evaluate claimant's case under Step Three. 20 C.F.R. § 404.1520(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the impairments listed in the SSA regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. A claimant who has such an impairment is disabled. If the claimant's impairment does not meet or equal one listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

Step Four. The Commissioner determines whether the claimant is able to perform work he or she has done in the past. A claimant who can perform past relevant work is not disabled. If the claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of the claimant's case proceeds under Step Five. 20 C.F.R. § 404.1520(e).

Step Five. The Commissioner determines whether the claimant is able to do any other work. A claimant who cannot perform other work is disabled. If the Commissioner finds

that the claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that the claimant can do.  The Commissioner may satisfy this burden through the testimony of a vocational expert (VE) or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2.  If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant can do, the claimant is not disabled.  If the Commissioner does not meet this burden, the claimant is disabled.  20 C.F.R. § 404.1520(f)(1).

At Steps One through Four, the burden of proof is on the claimant.  <u>Tackett</u>, 180 F.3d at 1098.  At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy.  <u>Id.</u>

### ALJ'S DECISION

The ALJ found that plaintiff's "mild carpal tunnel syndrome," as diagnosed by independent and treating neurologists, was a "severe" impairment which, considered alone or in combination with other impairments, did not meet or medically equal the Listings, Appendix 1, Subpart P, Regulations No. 4.

FINDINGS AND RECOMMENDATION - 5

The ALJ noted that plaintiff had a diagnosis of dysthymia disorder, but found that "the overall record establishes that she has had situational depression and grief due to the unexpected death of her significant other (Exhibit 15F at 9)." She added that plaintiff's "sleep disturbance has been managed with medications prescribed by primary physicians," noted that an evaluating psychiatrist had found that plaintiff "had a total absence of objective signs," and concluded that plaintiff had "at most mild limitations in the four broad areas of the applicable regulations and required Psychiatric Review Technique Form."

The ALJ found that plaintiff retained the functional capacity for light work, "modified by need to have an opportunity to alternate positions throughout the day and no continuous forceful gripping or twisting as well as no continuous use of the dominant right hand."  She added that plaintiff had "no other significant limitations."

In analyzing plaintiff's residual functional capacity, the ALJ thoroughly reviewed the extensive medical record. She noted that a state agency physician opined that plaintiff could perform a full range of light exertion work, and accepted the opinion of Mark Belza, M.D., plaintiff's treating neurologist, that plaintiff could not use her right wrist repetitively.  The ALJ rejected the work capacity assessment submitted by another treating physician, Sonia Schuemann, M.D.

The ALJ noted that Dr. Schuemann acknowledged that she had "found no objective signs" of the limitations in question. ALJ Kingrey added that, before and after these physicians had assessed plaintiff's limitations, "physicians found that [plaintiff] had mixed and inconsistent clinical signs, and suspect credibility . . . ."

In explaining her assessment of plaintiff's residual functional capacity, the ALJ opined that the medical opinions expressed in the record as a whole "seriously undermine any contention that the claimant has a profound physical impairment." She noted that Daniel Gibbs, M.D., a board-certified neurologist, stated that there was no clinical or electrographic evidence that plaintiff had neurologic problems, neurogenic thoracic outlet syndrome, carpal tunnel syndrome, ulnar neuropathy, or other neurologic etiology that would explain the extent of plaintiff's alleged pain in the neck and upper extremity. She also noted that several other neurologists and two vascular surgeons did not find that plaintiff "had any progression in her mild carpal tunnel syndrome on the right or a medically determinable impairment in the spine and left upper extremity . . . ."

The ALJ concluded that, though a neurologist conducting a single examination "might miss the presence of a relatively mild physical impairment," it was "highly unlikely" that two vascular surgeons and five neurologists would not recognize

FINDINGS AND RECOMMENDATION - 7

the "pronounced physical limitations and symptoms that the claimant has identified, if they were truly present." She added that, during the four years since the alleged onset of plaintiff's disability, none of the more than 20 physicians who had examined plaintiff had "objectively found serious, sustained or progressive signs in her right wrist or elsewhere, for that matter." This conclusion was supported by a thorough review of the medical record.

In concluding that plaintiff was not disabled within the meaning of the Act, the ALJ found that plaintiff's description of her symptoms and limitations was not wholly credible. In support of this conclusion, the ALJ cited the extensive medical record, and cited evidence of plaintiff's regular activities, which she found were inconsistent with plaintiff's allegations of her limitations.

Based upon the VE's hearing testimony, the ALJ concluded that plaintiff could not perform her past work as a mail carrier and/or stylist at a hair salon. Also based upon the VE's testimony, the ALJ concluded that plaintiff could work as an information clerk, storage facility clerk, and automatic photograph clerk, and that these jobs exist in substantial numbers in the national economy. Accordingly, she found that plaintiff was not disabled within the meaning of the Act.

FINDINGS AND RECOMMENDATION - 8

**STANDARD OF REVIEW**

A claimant is disabled if he or she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The initial burden of proof rests upon the claimant to establish his or her disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more

than one rational interpretation." <u>Andrews</u>, 53 F.3d at 1039-40.

## DISCUSSION

Plaintiff has submitted no memoranda supporting the allegation in her complaint that the Commissioner erred in denying her applications for benefits. The complaint itself likewise does not set out the nature of the Commissioner's alleged errors with any specificity, but instead simply alleges that the underlying decision is not supported by substantial evidence, and "is not in accordance with the law."

In the absence of any particularized objections to the ALJ's decision or any argument concerning plaintiff's objections, I have carefully reviewed the ALJ's decision and the relevant portions of the administrative record to determine whether the decision is supported by substantial evidence and whether it is "in accordance with the law." I have examined to portions of the record referred to in the decision to determine whether the evidence cited supports the ALJ's findings, and have reviewed the decision to determine whether it reflects legal error.

Based upon this review, I conclude that the decision denying plaintiff's applications for benefits should be affirmed. The ALJ's examination of the medical record was thorough, and her conclusions about that record are supported

FINDINGS AND RECOMMENDATION - 10

by substantial evidence. The ALJ's conclusion about other information in the record, including her conclusions based upon the VE's testimony and her conclusion that plaintiff's description of her symptoms and limitations was not wholly credible, are supported by substantial evidence. A careful review of the decision and the relevant portions of the record also supports the conclusion that the denial of plaintiff's applications for benefits was not based upon legal error. The ALJ correctly set out the laws and regulations applicable to the analysis of plaintiff's claims, and correctly stated the standards applicable to the analysis. In my review of the decision, I have found no legal error.

## CONCLUSION

Plaintiff's request for an order reversing the decision of the Commissioner should be DENIED, and a Judgment should be entered dismissing this action with prejudice.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due October 26, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

FINDINGS AND RECOMMENDATION - 11

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 10th day of October, 2006.

/s/  John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION - 12